# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00719-COA

MICKEY LEE JOHNSON A/K/A MICKEY JOHNSON                    APPELLANT

v.

STATE OF MISSISSIPPI                                        APPELLEE

DATE OF JUDGMENT:           05/09/2014
TRIAL JUDGE:                HON. MARGARET CAREY-MCCRAY
COURT FROM WHICH APPEALED:  WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     OFFICE OF STATE PUBLIC DEFENDER
                            BY: W. DANIEL HINCHCLIFF
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: LISA L. BLOUNT
DISTRICT ATTORNEY:          WILLIE DEWAYNE RICHARDSON
NATURE OF THE CASE:         CRIMINAL - FELONY
TRIAL COURT DISPOSITION:    CONVICTED OF SEXUAL BATTERY AND
                            SENTENCED TO SERVE TWENTY YEARS
                            IN THE CUSTODY OF THE MISSISSIPPI
                            DEPARTMENT OF CORRECTIONS, WITH
                            FIVE YEARS OF SUPERVISED
                            PROBATION
DISPOSITION:                AFFIRMED - 02/16/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND WILSON, JJ.**

**LEE, C.J., FOR THE COURT:**

## PROCEDURAL HISTORY

¶1.     Mickey Lee Johnson was convicted of sexual battery and sentenced to twenty years in the custody of the Mississippi Department of Corrections, with five years of supervised probation.  Johnson's posttrial motions were denied.

¶2.     Johnson is represented by the Indigent Appeals Division of the Office of State Public Defender. Johnson's appellate counsel filed a brief with this Court pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating no arguable issues existed for appeal. Johnson's appellate attorney also confirmed that he sent a copy of his brief to Johnson, along with correspondence informing Johnson that he found no arguable issues in the record to raise as error, and that Johnson had a right to file a pro se brief to raise any perceived errors. Johnson's appellate counsel also filed a motion with this Court requesting Johnson receive a forty-day extension of time to file a pro se supplemental brief. We granted the motion and gave Johnson forty days from the entry of the order, April 17, 2015, in order to file a pro se brief. Johnson has failed to file a pro se brief. Upon review, we find no error and affirm.

**FACTS**

¶3.     On March 11, 2012, Johnson's wife, Diane, found Johnson with their daughter, A.J.,[1] in a back room of the family's residence. Johnson was on his knees with his pants down, directly behind A.J., who was lying on her side holding her underwear. Diane testified that Johnson jumped up and ran into the closet, stating that the situation was not what it appeared. The next day, Diane notified the police.

¶4.     A.J. testified that Johnson approached her that night and ordered her to have sexual intercourse with him. She refused, but Johnson became violent. A.J. stated that Johnson ordered her to remove her underwear, after which he inserted his penis into her vagina.

¶5.     A.J. further testified that Johnson had been raping her since she was thirteen years old

---

[1] The Court of Appeals declines to identify victims of sexual abuse.

and that these encounters began occurring weekly the previous two or three years. A.J. stated she never told anyone because Johnson had threatened her with violence. At the time of trial, A.J. was twenty-four years old. DNA testing indicated that Johnson was the father of A.J.'s two children.

¶6. Johnson testified in his defense. He admitted his intention to have sexual intercourse with A.J. on March 11, 2012, but denied any penetration had occurred. On cross-examination, Johnson invoked his right against self-incrimination.

## DISCUSSION

¶7. In *Lindsey*, the Mississippi Supreme Court set forth the process to follow when appellate counsel for an indigent criminal defendant concludes no arguable issues exist on appeal. *Id*. at 748 (¶18). Specifically, the *Lindsey* court stated:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7); *see also* [*Smith v.*] *Robbins*, 528 U.S. [259,] 280-81 [(2000)] (stating that "counsel's summary of the case's procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.").

> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

> (3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

3

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (¶18) (internal citations and footnotes omitted).

¶8. Here, Johnson's attorney indicated he diligently and thoroughly scoured the record, searching for any arguable issues that could be presented in good faith on appeal, but he found none. Johnson's attorney asserted that he specifically examined: (1) the reason for Johnson's arrest and the surrounding circumstances; (2) any possible violation of Johnson's right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible prosecutorial misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misrepresentation of the law in sentencing; (9) the indictment and all pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; (11) admissibility of prior bad acts; (12) sufficiency of evidence on consent or lack of consent; and (13) any other possible reviewable issues.

¶9. As previously stated, Johnson's attorney also confirmed that he sent a copy of the brief to Johnson and informed Johnson of his right to file a pro se brief. Johnson's appellate counsel requested and was granted an extension within which time Johnson could file a pro se brief. Johnson did not file a pro se brief. And we do not find the circumstances warrant supplemental briefing on any issue. Therefore, all that remains is our consideration of Johnson's case on the merits. After an independent review of the record, we agree with

4

Johnson's appellate counsel that no reversible error occurred. We affirm Johnson's conviction and sentence.

¶10. **THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**